IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFFORD J. KAROLSKI, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-452 |
| | ) | Magistrate Judge Maureen P. Kelly |
| ALIQUIPPA POLICE DEPARTMENT, | ) | |
|     Defendant. | ) | Re: ECF No. 1 |

## ORDER

Clifford J. Karolski ("Plaintiff") is currently an inmate at the Beaver County Jail. Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* (the "IFP Motion"), ECF No. 1, in order to prosecute a civil rights action. The sole defendant named in the proposed civil rights complaint is the "Aliquippa Police Department."

The IFP Motion is deficient in that it was not accompanied by a six month statement of Plaintiff's inmate trust account as is required by 28 U.S.C. § 1915(a)(2), which provides in relevant part that a "prisoner seeking to bring a civil action . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint[.]" Because Plaintiff's IFP Motion was not accompanied by the required inmate account statement, Plaintiff is **ORDERED** to rectify this deficiency by causing the inmate account statement to be sent to the Clerk's Office no later than June 6, 2014. Failure to do so may result in the dismissal of the case for failure to prosecute.

In addition, it is noted that Plaintiff has sought to sue only one defendant, namely, the Aliquippa Police Department. However, it does not appear that the Aliquippa Police Department possesses the capacity to be sued. "Capacity" refers to party's ability to sue and be sued in

federal court. Koog v. United States, 852 F.Supp. 1376 (W.D.Tex.1994), *judgment rev'd on other grounds*, 79 F.3d 452 (5th Cir. 1996) (defining "capacity" with respect to federal courts); Ward v. Baldwin Lima Hamilton Corp., C.A. No. 84-0232, 1985 WL 2830, at *1 (E.D.Pa., Sept. 30, 1985) ("'Capacity' refers to the ability of an entity to be brought into, or to use, the courts of a forum.").

This Court concludes that the Aliquippa Police Department does not possess the capacity to be sued. See, e.g., Castillo-Perez v. City of Elizabeth, Civ. No. 2:11–6958, 2014 WL 1614845, at *5 (D.N.J. April 21, 2014) ("The Elizabeth Police Department is a department of the City of Elizabeth. See http://ww w.elizabethnj.org/city-council/departments. For purposes of this action, it is not an entity that may be sued separately."); Lawrence v. Netzlof, No. 10–433, 2012 WL 4498834, at *3 n.10 (W.D.Pa., Sept. 28, 2012) ("Defendants submit that police departments are not suable entities, arguing that they are not persons within the meaning of Section 1983 but are merely subunits of the city . . . . The Court agrees with Defendants.").

It is possible however, that Plaintiff intended to sue the City of Aliquippa by his naming of the Aliquippa Police Department. Even if we were to liberally construe Plaintiff's naming of the Aliquippa Police Department as a way of naming the City of Aliquippa, the proposed complaint would still be subject to dismissal.

In order to hold liable a municipal entity, such as the City of Aliquippa, the municipal entity itself must have committed a constitutional tort, it cannot be held liable solely on the basis of *respondeat superior*. See, e.g., Monell Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 692 (1978). Instead, Monell and subsequent cases, have required a plaintiff seeking to impose liability on a municipality to identify a municipal "policy" or "custom" that caused the plaintiff's injury. Id. Locating a "policy" ensures that a municipality is held liable only for those

deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 403-404 (1997).

The proposed complaint is utterly devoid of any allegation of custom or policy.

In view of the foregoing, Plaintiff is **ORDERED** to file an Amended Complaint that either names individual defendants who committed constitutional torts against him and/or name the City of Aliquippa as a defendant and allege some policy or custom that caused Plaintiff a constitutional tort.

Plaintiff is **ORDERED** to file the Amended Complaint no later than June 6, 2014. Failure to file the Amended Complaint may result in the currently operative Complaint being dismissed for failure to state a claim upon which relief can be granted and/or for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: May 14, 2014

cc:	Clifford J. Karolski
	6000 Woodlawn Blvd.
	Aliquippa, PA 15001