IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CLIFFORD J. KAROLSKI, | ) | |
|---|---|---|
| | ) | Civil Action No. 2: 14-cv-0452 |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Mark R. Hornak |
| | ) | |
| ALIQUIPPA POLICE DEPT., | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Plaintiff Clifford J. Karolski, is a prisoner currently confined in the Beaver County Jail. He has brought this lawsuit under 42 U.S.C. § 1983 against the "Aliquippa Police Department." It is recommended that this lawsuit be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) as the Complaint fails to state a claim upon which relief may be granted. Additionally, it is recommended that this lawsuit be dismissed based on Plaintiff's failure to comply with the Court's Orders of May 14, 2014 and June 26, 2014, in which Plaintiff was ordered to file an Amended Complaint on or before July 14, 2014, and was advised that failure to do so may result in the currently operative Complaint being dismissed for failure to state a claim upon which relief can be granted and/or for failure to prosecute.

**II.    REPORT**

   A.  *Background*

The sole defendant named in the Complaint is the "Aliquippa Police Department." On an initial screening review, the Court found that the Complaint was subject to dismissal for failure to state a claim as local police departments are not subject to suit as "persons" under § 1983. By

1

Orders of May 14, 2014 and June 26, 2014, Plaintiff was informed that his Complaint was subject to dismissal for failure to state a claim. Following the United States Court of Appeals instructions in *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), Plaintiff was granted leave until July 14, 2014, to file a curative amendment. See ECF Nos. 2 and 4. To date, Plaintiff has not filed an Amended Complaint. Therefore, the original Complaint remains the current operative Complaint.[1]

B.  *Standards for Sua Sponte Dismissal*

While 28 U.S.C. § 1915 authorizes litigants like Plaintiff to proceed *in forma pauperis* ("IFP"), such status is a privilege which may be denied when abused. After granting IFP status, the Court must dismiss the case *sua sponte* if (i) the allegation of poverty is untrue, (ii) the action is frivolous or malicious, (iii) the complaint fails to state a claim upon which relief may be granted, or (iv) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). To that end, the Court can *sua sponte* dismiss IFP cases "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying

---

[1] Plaintiff's request to proceed in forma pauperis was granted on July 29, 2014 (ECF No. 5), and the original Complaint, which was received by the Court on April 8, 2014, was filed on July 30, 2014 (ECF No. 6).

litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint is "frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke,* 490 U.S. at 325 (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard as applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Powell v. Hoover,* 956 F. Supp. 565, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. *See Estelle v. Gamble*, 429 U.S. 97 (1976). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by exhibits and matters of which judicial notice may be had, and

3

taking all reasonable inferences to be drawn from those contradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Or put another way, a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Dismissal is proper under Rule 12(b)(6) where the court determines that the contradicted facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. *See., e.g., Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

    C.    *The Legal Sufficiency of the Complaint*

Applying these standards, the Court recommends that the complaint be dismissed. As a threshold matter, the Court notes, again, that local police departments are not subject to suit as "persons" under § 1983 and it is a municipality through which any liability must flow to the police department. *See Carter v. Matos*, No. 09-5503, 2010 WL 3169284 (D.N.J. Aug. 10, 2010) (dismissing § 1983 claim against local police department).

Moreover, to the extent that Plaintiff seeks to hold any institutional defendant liable for the alleged violations of his civil rights, he must meet an exacting burden of pleading and proof. It is well-settled that local governmental entities may not be held liable under § 1983 for the acts of others under a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991). Instead, such an agency may only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Thus, to sustain a such claim a plaintiff must "identify a . . . 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). This custom must be "so widespread as to have the force of law." *Id*. at 404; *see also Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (a policy is an official proclamation or edict of a municipality, while a custom is a practice that is "so permanent and well settled as to virtually constitute law") (*quoting Andrews v. City of Phila*., 895 F.2d 1469, 1480 (3d Cir. 1990) (citations omitted). However, a local police department may not be sued under the rule set out in *Monell*. *See Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004).

An institutional defendant may also be liable for constitutional violations resulting from inadequate training or supervision of its employees if the failure to train amounts to a custom of the municipality. However, failure-to-train claims also must meet precise and demanding legal criteria. Such a failure must "amount[ ] to deliberate indifference to the constitutional rights of persons with whom the police come in contact." *Colburn* , 946 F.2d at 1028 (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). *See also Connick v. Thompson*, --- U.S. ---, 131 S.Ct. 1350, 1359 (2011).

Here, in its present form, Plaintiff's complaint simply does not make sufficient allegations which would permit a finding of institutional liability against the Aliquippa Police Department, or any other institutional defendant. Therefore, Plaintiff's claims against the Aliquippa Police Department fail as a matter of law.

In civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher–Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Given that the Court twice has already provided Plaintiff with an opportunity to amend, and Plaintiff has failed to file an Amended Complain, the Court is not required to provide him with further leave to amend. *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012). Moreover, the Court finds that it would be futile to allow Plaintiff to amend his complaint as he has failed to state a constitutional claim.

### III. CONCLUSION

Accordingly, for the foregoing reasons, it is recommended that because the Complaint fails to state a claim upon which relief may be granted, this case should be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2).

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Plaintiff is allowed until **August 18, 2014,** file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

s/*Cynthia Reed Eddy*  
Cynthia Reed Eddy  
United States Magistrate Judge

Dated: July 31, 2014

cc: Clifford J. Karolski  
    Beaver County Jail  
    6000 Woodlawn Blvd.  
    Aliquippa, PA 15001